**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| FRANCINA D. SHACK, | ) | |
| | ) | No. 9:11-cv-03201-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| BEAUFORT COUNTY SCHOOL DISTRICT, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This employment discrimination case comes before the court on objections by defendant to the magistrate judge's Report and Recommendation (R&R). For the reasons set forth below, the court affirms in part the magistrate judge's R&R and remands for further consideration.

## I.  BACKGROUND

      Plaintiff Francina D. Shack, a former high school assistant principal, filed a complaint on November 22, 2011, bringing claims under Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended. On February 19, 2013, defendant Beaufort County School District (the School District) filed a motion for summary judgment on all claims. After the motion was fully briefed, the magistrate judge issued an R&R, recommending that the court grant defendant's motion for summary judgment on plaintiff's claims for failure to promote and hostile work environment, but deny defendant's motion for summary judgment on plaintiff's Title VII retaliation claim. The School District filed timely objections to the R&R on August 1, 2013. No objections to the R&R were filed by plaintiff.

Shack, an African-American female, states that she was first employed by the School District during the 2006-2007 school year as an assistant principal at Battery Creek High School. She was reassigned for the 2008-2009 school year to work as an assistant principal at Hilton Head Island High School. Shack learned that the School District was advertising three vacant principal positions for the 2011-2012 school year, two of which were at Whale Branch Elementary School and Whale Branch Middle School. Shack applied for both principal positions at Whale Branch. She received an interview at the elementary school but not the middle school, and was not selected for either principal position. Shack alleges that the middle school principal position went to a younger Caucasian male that was "less qualified and less experienced than the Plaintiff." Compl. ¶ 7.

Plaintiff questioned a human resources director about the denial of her application for the middle school principal position. She alleges that "[i]n retaliation, the Defendant removed Plaintiff from her position and assigned her as assistant principal at Shell Point Elementary School" for the 2011-2012 school year. Id. ¶ 8. Plaintiff further alleges that throughout her employment by the School District, she has "been unfairly treated, and subjected to a hostile work environment because of her race and age." Id. ¶ 10. She has also "been passed over for promotion to the position of principal on six separate occasions in favor of less qualified and experienced Caucasian teachers and administrators," id. ¶ 11, and "systematically discriminated against" because of her race and age. Id. ¶¶ 12-13.

The School District responds that Shack did not receive an interview for the principal position at Whale Branch Middle School because there were more qualified

candidates and Shack's race and age were not factors. The persons selected for the other two principal positions, including the position at Whale Branch Elementary School, were African-American females of similar age as Shack. Def.'s Mem. Supp. Mot. Summ. J. 2.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). The magistrate judge's recommendation does not carry presumptive weight, and it is the responsibility of this court to make a final determination. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). A party's failure to object may be treated as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

## III.  DISCUSSION

The court has reviewed the magistrate judge's findings of fact and conclusions of law regarding plaintiff's claims for failure to promote and hostile work environment. The R&R accurately applies the law to the facts and the court agrees with the magistrate judge's recommendations. Accordingly, these claims will be dismissed.

Defendant specifically objects to the magistrate judge's recommendation that the court allow plaintiff's Title VII retaliation claim to survive summary judgment. The School District argues: (1) plaintiff never pled the retaliation claim that was addressed by the magistrate judge; (2) plaintiff never raised the retaliation claim before the EEOC that was addressed by the magistrate judge; (3) plaintiff raised a different retaliation claim that the magistrate judge failed to consider; and (4) even if this court considers the un-

pled retaliation claim that was addressed by the magistrate judge, the School District is entitled to summary judgment on that claim.

In her R&R, the magistrate judge, without referring to this claim in her factual background, begins her analysis of plaintiff's retaliation claim by stating that "the plaintiff contends that she was retaliated against for having filed a formal grievance against her principal, Amanda O'Nan in 2009." R&R 12. The court agrees with the School District that this claim is absent from the complaint. Instead, this claim was first raised by plaintiff in her response in opposition to the School District's motion for summary judgment. See Pl.'s Resp. Opp'n 1, 26. Plaintiff, who has the benefit of appearing through counsel, must formally raise her claims in the complaint rather than through other means. See Lyman v. CSX Transp., Inc., 364 F. App'x 669, 701 (2d Cir. 2010) ("An opposition to a summary judgment motion is not the place for a plaintiff to raise new claims."); Smith v. Books-A-Million, 398 F. App'x 437, 437 (11th Cir. 2010) (rejecting, on summary judgment, claim of retaliatory conduct that was not alleged in the complaint); McKelvy v. Capital One Servs., LLC, No. 09-cv-821, 2010 WL 3418228, at *5 n.7 (E.D. Va. Aug. 20, 2010) (stating that a plaintiff is "bound by the allegations in his Complaint and cannot use his opposition to summary judgment to bring new claims").

Plaintiff's allegations concerning retaliation in the complaint are set forth as follows:

> Plaintiff questioned the human resources director about the denial of the promotion to principal at Whale Branch Middle School and the denial of the opportunity for an interview. In retaliation, the Defendant removed Plaintiff from her position and assigned her as assistant principal at Shell Point Elementary School. This position requires substantially more travel and more expense for Plaintiff. In addition, Plaintiff had not worked as an assistant principal on the elementary school level at all and last worked in administration for an elementary school as a guidance counselor in 1998.

Compl. ¶ 8.  These allegations make no reference to retaliation for a grievance filed against Amanda O'Nan.  See Pl.'s Reply to Def.'s Obj. 5 (concession by plaintiff that she "did not expressly assert in her Complaint . . . that her transfer from Hilton Head Island High School to Shell Point Elementary School was [in] retaliation for her specific grievance against O'Nan").

In its motion for summary judgment, the School District argued that plaintiff's retaliation claim, as pled in the complaint, is defective under Iqbal and Twombly.  Def.'s Mem. Supp. Mot. Summ. J. 3; see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . .").

To establish a prima facie case of retaliation, a plaintiff must show (1) that she engaged in a protected activity, (2) that the defendant acted adversely against her, and (3) that the protected activity was causally connected to the adverse action.  Holland v. Wash. Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007).  In her response to defendant's motion for summary judgment, plaintiff made no attempt to defend the sufficiency of her retaliation claim as pled in the complaint.  However, the magistrate judge declined to provide "any formal analysis" of whether plaintiff's claims were properly pled.  R&R 4.  Because the magistrate judge did not address the retaliation claim that was actually pled in plaintiff's complaint, the court remands for consideration of whether this claim was properly pled, whether this claim was exhausted, and whether this claim should survive

5

summary judgment.[1]  See Neighborhood Dev. Collaborative v. Murphy, 233 F.R.D. 436, 443 (D. Md. 2005) (remanding to magistrate judge for further consideration of unaddressed issues).

## IV.   CONCLUSION

Based on the foregoing, the court **AFFIRMS IN PART** the R&R and **REMANDS** to the magistrate judge for further consideration of plaintiff's retaliation claim.

**AND IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　　　　**DAVID C. NORTON**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**August 15, 2013**
**Charleston, South Carolina**

---

[1] Additional consideration should be given to the Supreme Court's recent decision in University of Texas Southwestern Medical Center v. Nassar, 133 S. Ct. 2517 (2013), which held that under Title VII, a plaintiff must demonstrate "but for" causation to sustain a retaliation claim.