**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| FRANCINA D. SHACK, ) | |
| ) | No. 9:11-cv-03201-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| BEAUFORT COUNTY SCHOOL ) | |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Wallace W. Dixon's Report and Recommendation ("R&R") that this court grant defendant Beaufort County School District's ("the School District") motion for summary judgment with respect to plaintiff Francina D. Shack's ("Shack") retaliation claim. Shack and the School District each filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and grants the School District's motion for summary judgment as to Shack's retaliation claim.

## I. BACKGROUND

Shack, an African-American female, was first employed by the School District during the 2006-2007 school year as an assistant principal at Battery Creek High School. She was reassigned for the 2008-2009 school year to work as an assistant principal at Hilton Head Island High School. Shack learned that the School District was advertising three vacant principal positions for the 2011-2012 school year, two of which were at Whale Branch Elementary School and Whale Branch Middle School. Shack applied for both positions at the Whale Branch schools. She received an interview at the elementary school but not the middle school and was not selected for either position. Shack questioned Jackie Rosswurm, the School District's human resources director, about the

1

denial of her application for the middle school principal position. Shack alleges that in retaliation for this questioning, the School District removed her from her position at Hilton Head High School and assigned her to Shell Point Elementary, also as assistant principal, for the 2011-2012 school year. Shack contends that this position requires substantially more travel and more expense and that she has not worked as an assistant principal on the elementary school level. Also, Shell Point was scheduled to close following the 2011-2012 school year.

Shack filed a complaint on November 22, 2011, bringing claims under Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended. On February 19, 2013, the School District filed a motion for summary judgment on all claims. After the motion was fully briefed, Magistrate Judge Bruce Howe Hendricks issued an R&R, recommending that the court grant defendant's motion for summary judgment on plaintiff's claims for failure to promote and hostile work environment, but deny defendant's motion for summary judgment on plaintiff's Title VII retaliation claim. The court adopted the R&R with regard to the failure to promote and hostile work environment claims and remanded the retaliation claim to the magistrate judge for further consideration. On July 8, 2014, Magistrate Judge Dixon issued an R&R recommending that the court grant the School District's motion for summary judgment on Shack's retaliation claim. On July 25, 2014, the School District and Shack each objected to the R&R.[1] On August 11, 2014, the School District filed a

---

[1] The court notes that Shack's objections were filed pro se at a time when she was represented by counsel. A party "does not have a Sixth Amendment right to 'hybrid' representation, meaning a defendant does not have a right to proceed partially pro se and partially with counsel." Johnson v. Cartledge, No. 8:12-cv-01536, 2014 WL 1159591, at *27 (D.S.C. Mar. 21, 2014); see also United States v. Washington, 743 F.3d 938, 941

response to Shack's objections. This matter has been fully briefed and is ripe for the court's review.

## II. STANDARD OF REVIEW

### A. Objections to R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

### B. Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

(4th Cir. 2014) (holding that a party "has no right to raise substantive issues [pro se] while he is represented by counsel" (citation and internal quotation marks omitted)). While other courts in this district have refused to consider a party's pro se objections at a time when he was represented by counsel, United States v. Simmons, 2008 WL 3850778, (N.D. W. Va. Aug. 14, 2008), because Shack's counsel withdrew shortly after Shack filed her objections, the court will consider her objections.

Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. Id. at 255.

### III.   DISCUSSION

Shack argues that the magistrate judge erred in finding that she had failed to establish that the School District's proffered non-discriminatory reason for her reassignment was pretext for retaliation. Pl.'s Objections 1. The School District asserts that the magistrate judge erred in finding that Shack had made out a prima facie case of retaliation. Def.'s Objections 1.

Shack has pursued her retaliation claims against the School District under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under the McDonnell Douglas framework, a plaintiff must first establish a prima facie case of retaliation, which requires a showing that: (1) the plaintiff engaged in a protected activity, (2) the defendant acted adversely against her, and (3) the protected activity was causally connected to the adverse action. Holland v. Wash. Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007). Once a plaintiff has established a prima facie case of unlawful retaliation, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004). Once the employer produces a legitimate,

nondiscriminatory reason for the adverse employment action, "the McDonnell Douglas frame-work – with its presumptions and burdens – disappear[s], and the sole remaining issue [is] discrimination vel non." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000) (internal quotation marks and citations omitted). "In other words, the burden shifts back to [the employee] to prove by a preponderance of the evidence that the employer's stated reasons 'were not its true reasons, but were a pretext for discrimination.'" Hill, 354 F.3d at 285 (quoting Reeves, 530 U.S. at 143).

The School District contends that the magistrate judge erred at the first step of the McDonnell Douglas framework and that Shack has failed to establish a prima facie case of retaliation. For the purposes of this motion, the court will assume, without deciding, that Shack has established a prima facie case of retaliation. At the second step of the McDonnell Douglas framework, the magistrate judge concluded that the School District's explanation for transferring Shack – so that she could acquire the experience and knowledge she had lacked when she previously applied for elementary school principal positions – was legitimate and nondiscriminatory. Because Shack did not object to this finding, the sole issue before the court is whether Shack has shown that the School District's explanation is pretext for discrimination.

In Reeves, the Supreme Court clarified how a claimant can avoid summary judgment under the McDonnell Douglas framework. Once the question comes down to pretext, a plaintiff "must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Reeves, 530 U.S. at 143 (internal quotation marks omitted). A plaintiff can accomplish this goal "by showing that the employer's proffered

explanation is unworthy of credence." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981). While "it is permissible for the trier of fact to infer the ultimate fact of [retaliation] from the falsity of the employer's explanation," Reeves, 530 U.S. at 147 (emphasis in original), "it is axiomatic that the plaintiff must in fact provide sufficient evidence from which a reasonable trier of fact could find falsity." Price v. Thompson, 380 F.3d 209, 217 (4th Cir. 2004)

Here, Shack contends that two facts refute the School District's explanation: (1) she applied for at least two elementary school principal vacancies since she was transferred to Shell Point Elementary, but she was not granted an interview for either position; and (2) the School District does not require that candidates for elementary principal have experience at the elementary school level and that the School District promoted one individual to elementary principal who had not previously served as an assistant principal at an elementary school.[2] Pl.'s Objections 1-2.

The facts that Shack cites do not "contradict [the School District's] proffered . . . motive." King v. Rumsfeld, 328 F.3d 145, 151 (4th Cir. 2003). The transfer did not result in the School District promising Shack that she would get a job as principal (or even an interview) the next time she applied. Therefore, the fact that she did not receive interviews for two elementary school vacancies does not contradict the School District's explanation. Moreover, the fact that the School District does not explicitly require candidates for principal to have experience at the elementary level does not contradict the

---

[2] Shack's objections indicate that two such individuals became elementary school principals. However, in her deposition, Shack indicated that she only knew of one elementary school principal in the School District who had not been an assistant principal in an elementary school. Shack Dep. 63:24-64:2. Shack admitted that she did not know that individual's qualifications. Shack Dep. 64:22-24.

6

School District's explanation that a transfer to an elementary school would allow her to acquire relevant experience and knowledge.

Shack also references an email she received from Superintendent Valerie Truesdale, arguing that it is "direct evidence of retaliation." Pl.'s Objections 2. Truesdale's November 11, 2010 email is in response to Shack inquiry why she did not receive interviews for various job openings. Pl.'s Resp. Ex. 15. Truesdale responds that, while she was not personally involved in selecting candidates, that Shack should "ponder on [her] track record of communication style," citing Shack's "pattern (at two different schools) of addressing concerns to the district and NAACP without benefit of honest, direct dialogue with [her] superior." Id. Truesdale's references to Shack addressing concerns to the district or the NAACP clearly do not refer to Shack's complaints to Rosswurm, since Shack herself admits that she did not complain to Rosswurm until July 15, 2011. Pl.'s Objections 2. As noted in the court's earlier order, Shack bases her retaliation complaint entirely on actions taken in response to complaints to Rosswurm regarding the fact that she did not receive job interviews. See Compl. ¶ 8 ("Plaintiff questioned the human resources director about the denial of the promotion to principal at Whale Branch Middle School and the denial of the opportunity to interview. In retaliation, the Defendant removed Plaintiff from her position and assigned her as assistant principal at Shell Point Elementary School."). Therefore, Truesdale's email is not direct evidence that the School District retaliated against Shack for complaining to Rosswurm.

Even if Shack could establish that the School District's reasons for transferring her were inaccurate, she must also demonstrate a nexus between the protected activity

and the employer's decision to terminate.  <u>Ramos v. Molina Healthcare, Inc.</u>, 963 F. Supp. 2d 511, 530 (E.D. Va. 2013).  None of Shack's assertions "tether[]" her complaint to Rosswurm to the School District's decision to transfer her to a different school.

The court agrees with the magistrate judge that, because Shack cannot show that the School District's legitimate reasons are not truthful or that the real reason for the adverse action was her engagement in a protected activity, <u>see</u> <u>Holland</u>, 487 F.3d at 218, she has failed to "establish[] a factual record permitting a reasonable finder of fact to conclude that it is more likely than not that the adverse employment action was the product of . . . retaliation."  <u>Darvishian v. Geren</u>, 404 F. App'x 822, 828 (4th Cir. 2010).  Therefore, the court grants the School District's motion for summary judgment.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R and **GRANTS** defendant's motion for summary judgment as to Shack's retaliation claim.

**AND IT IS SO ORDERED**.

                                             **DAVID C. NORTON**
                                             **UNITED STATES DISTRICT JUDGE**

**March 5, 2015**
**Charleston, South Carolina**